UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| v. | ) | Case No. 04-10216-RWZ |
| | ) | |
| JOEL MACHADO | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

Defendant Joel Machado(Machado), submits this Memorandum to aid the Court in sentencing him, <u>inter</u> <u>alia</u>, in light of *United States v. Booker*, 543 U.S. ___, 2005 WL 50108 (Jan.12, 2005). Nothing herein is intended to excuse his conduct, but rather to place it in context and to arrive at a just and fair sentence.

**STATEMENT OF FACTS**

The Defendant's family history is summarized in the Pre-Sentence Report and will be mentioned to the extent necessary to give perspective. On January 11, 2005, Mr. Machado, pled guilty to a nine-count indictment charging four counts of Transfer of False Identification Documents under 18 U.S.C. §1028 (a)(2), four counts of Fraud and Misuse of Documents under 18 U.S.C. §1546, and Possession of Document Making Implements 18 U.S.C. § 1028 (a)(5). His advisory guideline range is a total of 14 with a criminal history category of I, placing his advisory guideline range between 15-21 months.

Joel Machado, age 46, has three children whom he supports in Brazil, two daughters Graziela, age 23, Daniela, age 17, and a son Richard, age 9, he is currently separated from his wife Zuleide. Mr. Machado left Brazil alone and entered the United

2

States in October/November 2000.  He came to the U.S. to find work to be able to provide for his family in Brazil.  The offense conduct is Machado's selling 9 sets of documents, consisting of a fraudulent green card and social security card, over 4 separate undercover purchases.  A search warrant was executed at Mr. Machado's home where a computer was seized.  Other false document information was found, Mr. Machado admitted involvement with 25-99 false documents increasing his advisory guideline level from a base of 11 by 6 levels to 17.

Mr. Machado maintains, for reasons enumerated below, that the Court should sentence him to a term of 9 months time served. This sentence would trigger the immigration detainer in place against Mr. Machado allowing immigration removal proceedings to take place returning him to his family in Brazil.  Mr. Machado should receive this alternative sentence based on the following mitigating factors, as set forth under 18 U.S.C. §3553(a):

    1.  Onerous incarceration status as a result of alienage;

    2.  Certain Deportation;

    3.  <u>Disparity</u>   with similar defendants receiving "Fast Track" reduced sentences in border states.  <u>See</u> U.S.S.G. § 5K3.1.

_____

1.    <u>Onerous incarceration status as a result of alienage</u>.   The court in <u>United States v. Bakeas</u>, 987 FSupp. 44, 48-49 (D.C. Mass. 1997) examined this issue and noted that:

> [C]ourts have found downward departure appropriate when a defendant's non-citizenship is more than collateral to his sentence but instead threatens to change the nature of the entire sentence.  The D.C. Circuit has held that where a deportable alien's sentence would be more severe solely because of his alien

3

status, a downward departure may be "proper." United States v. Smith, 307 U.S.App. D.C. 199. 27 F.3d 649, 655 (D.C. Circuit 1994).  The Smith court suggested three conditions that would make such a departure reasonable:  the increase in severity is "substantial," it is undeserved, and it would affect "a substantial portion" of the sentence.  Id.  All three of those conditions are presented here.

The Seventh Circuit has likewise held that …, the district court is "free to consider whether [the defendant's] status as a deportable alien has resulted in unusual or exceptional hardship in his conditions of confinement."  United States v. Farouil, 124 F.3d 838 (7th Cir. 1997); United States v. Gonzalez-Portillo, 121 F.3d 1122, 1125 (7th Cir. 1997) ("special status" of alienage may be an appropriate ground for departure if alien status is not "an inherent element of the crime").

2. Certain Deportation.  Mr. Machado faces certain deportation such that he will forever be barred from the United States.  Such punishment goes well beyond incarceration.  Deportation will also take several months during which he will be detained following the court's sentence.  Post Booker, a person being subjected to deportation is no longer a prohibited factor.

3. Disparity   with similar defendants receiving "Fast Track" reduced sentences in border states. See U.S.S.G. § 5K3.1.

Lastly, Mr. Machado would respectfully submit that even if any one of the above reasons do not provide a sufficient single ground for the sentence mitigation requested here, **the totality of circumstances** justify "reasonable sentence" requested.  Cf.  United States v. Iaconetti, 59 F.Supp. 2d 139 (D.C. Mass 1999); United States v. Parham, 16 F.3d 844 (8th Cir. 1994).

4

## RECOMMENDED SENTENCE

Mr. Machado, has now spent approximately **Nine and one half months, actual time** in custody pending these proceedings. He, therefore, respectfully requests this Honorable Court to sentence him to a term of **time served** where he will thereafter be subject to deportation. Such is well within the discretion of this Honorable Court.

Should Mr. Machado ever re-enter this country without the consent of the Attorney General he would be subjected to enhanced incarceration penalties under 8 U.S.C. §1326(b). As set forth above, as a mandatory deportable alien, Mr. Machado will be held pending his deportation proceedings which will likely last several months beyond his sentence.

WEHEREFORE, Mr. Machado respectfully requests this Court sentence him to a term of time served, two years of supervised release and no fine based on his inability to pay.

> Respectfully Submitted
> Joel Machado
> By his attorney,
>
> *Frank Fernandez*
> Francisco Fernandez
> DENNER O'MALLEY LLP
> Four Longfellow Place, 35th Floor
> Boston, MA  02114

### CERTIFICATE OF SERVICE

I, Frank Fernandez, certify that I have served a true copy of the within Sentencing Memorandum upon Robert Richardson, Assistant United States Attorney, and U.S. Probation Officer Susan Walls by electronic delivery, e-mail this 6th day of April.

> *Frank Fernandez*
> Frank Fernandez

5