UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 04-10216-RWZ |
| ) | |
| JOEL MACHADO ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S SENTENCING MEMORANDUM**

The defendant has filed a sentencing memorandum arguing that, rather than receiving a sentence within the guidelines sentencing range of 15 to 21 months, he instead should receive a sentence of time served, which, according to his calculation, would be approximately nine-and-one-half months. For the reasons that follow, the government opposes the defendant's motion and instead requests that the defendant be sentenced to the presumptively reasonable sentence produced by the guidelines.

**ARGUMENT**

The defendant argues that three aspects of his status as an alien militate in favor of a sentence almost half a year less than the low end of the guidelines range: his purportedly onerous incarceration status as an alien; his certain deportation; and the disparity between his sentence and those defendants sentenced under the "fast track" system extant in some jurisdictions. None of these factors justifies the sentence sought.

First, the defendant here has failed to demonstrate how the circumstances of his incarceration would be substantially more onerous by virtue of his alienage than those of a citizen. While

some courts have stated that a departure might be available for an alien upon such a showing, the lack of evidence of such exceptional circumstances has led appellate courts to reject departures on this basis. For example, in United States v. Meza-Urtado, 351 F.3d 301 (7th Cir. 2003), the Seventh Circuit reversed a downward departure awarded an alien. In so doing, the Seventh Circuit held that departures are not available merely because aliens are denied certain end-of-sentence modifications such as several months in a halfway house. 351 F.3d at 305. "That the Bureau of Prisons (BOP) has certain programs for citizen-prisoners, but not deportable aliens, does not make the aliens' imprisonment substantially more onerous that the guidelines contemplated in fixing the imprisonment range for the offense of conviction." Id. See also, e.g., United States v. Lopez-Salas, 266 F.3d 842, 848-49 (8th Cir. 2001)(defendants failed to show that ineligibility for early release rendered situations atypical or unusual, either when compared to other deportable aliens or when compared to other groups of defendants categorically denied early release); cf. also United States v. Vasquez, 279 F.3d 77, 82 n. 3 (1st Cir. 2002)(declining to reach whether deportable alien suffers adverse penal consequences by virtue of status).[1]

---

[1] Judge Gertner's decision in United States v. Bakeas, 987 F. Supp. 44 (D. Mass. 1997), is not to the contrary. In Bakeas, Judge Gertner found that, absent a departure, the character of

Second, the fact that the defendant will be deported does not warrant a sentence well below the low end of the guidelines. The defendant maintains that "punishment" in the form of deportation goes well beyond incarceration, and further claims that the deportation process will take several months. The Second Circuit faced, and rejected, these arguments in United States v. Restrepo, 999 F.2d 640 (2d Cir. 1993), when they were presented as bases for a downward departure. With respect to the claim that the defendant would be subjected to post-imprisonment detention, the Second Circuit observed that such detention is not part of the punishment for the defendant's crime but instead is ancillary to the civil deportation process. 999 F.2d at 646. The court noted that any unnecessary delay in the deportation is more appropriately addressed by a writ of habeas corpus or suit against the Attorney General than through the grant of anticipatory relief for possible delay through a downward departure in the criminal case. Id. With respect to the fact of deportation itself, the Second Circuit again observed that it is civil in nature rather than a criminal penalty. Id. at 647. The court also noted that a reduction in the defendant's term of

---

the defendant's sentence would be different: rather than have the potential to serve his sentence in a prison camp, his entire sentence would have to be served under more onerous conditions due to his status as an alien. Here, by contrast, there is no showing that citizens would be eligible for incarcerative conditions markedly different from those that the defendant faces.

imprisonment would not eliminate the "harshness" of the deportation in any event. Id. Here, the defendant has not shown that there would actually be any undue delay in his deportation; in any event, as in Restrepo, the provision for his detention after serving his sentence is part of a civil rather than criminal process. The same is true of his deportation, which, because his family resides in the place to which he will be deported, actually works far less of a hardship than the many situations in which such deportations result in the separation of families.[2]

Third, the defendant should not receive a lower sentence because of the "fast track" programs extant in certain jurisdictions. First, the defendant has not shown that such programs are available where, as here, a defendant has been convicted of crimes involving the sale and manufacture of illegal documents. Moreover, even assuming the defendant had made such a showing, the existence of fast track programs elsewhere does not justify this defendant's receipt of a lesser sentence. For example, in United States v. Banuelos-Rodriguez, 215 F.3d 969

---

[2] The government recognizes that certain courts questioned the continued vitality of Restrepo after the Supreme Court's decision in United States v. Koon, 518 U.S. 81 (1996). See , e.g., United States v. Farouil, 124 F.3d 838 (7th Cir. 1997)(recognizing availability of downward departure where immigration status could result in more harsh conditions of imprisonment). Koon, however, did nothing to undermine the logic of the Second Circuit in rejecting a downward departure based on the fact that a defendant will be deported.

4

(9th Cir. 2000), the Ninth Circuit rejected the claim of a defendant prosecuted in the Central District of California for unlawfully returning to the country after deportation. The defendant argued that he should have received a downward departure because he might have received a lower sentence in the Southern District pursuant to a "fast track" program. In rejecting this argument, the Ninth Circuit noted:

> Nothing about the Southern District's "fast-track" program lessens the severity of Defendant's conduct or makes his criminal or personal history more sympathetic. The fact that, had Defendant been apprehended in the Southern District, he might not have been punished to the fullest extent of the law, does not make his otherwise lawful sentence less justified. Thus, the existence of differing prosecutorial policies regarding § 1326 violators is not a "mitigating circumstance."

215 F.3d at 973. See also United States v. Bonnet-Grullon, 212 F.3d 692 (2d Cir. 2000). The same is true here: any lesser sentence that a defendant purportedly might have received in some other district does not in any way minimize or mitigate the defendant's conduct here.

The government recognizes, of course, that, since the above-cited cases were decided, the Supreme Court decided United States v. Booker, 125 S. Ct. 738 (2005), holding, in part, that the sentencing guidelines are advisory and that courts are to impose "reasonable" sentences, taking into account the guidelines and the other factors enumerated at 18 U.S.C. § 3553(a). The government believes that, in most cases, the guidelines take into

account the relevant factors and produce a presumptively reasonable sentence. See <u>United States v. Wanning</u>, 354 F.Supp.2d 1056 (D. Neb. 2005); <u>United States v. Wilson</u>, 350 F.Supp.2d 910 (D. Utah 2005). There is nothing unusual or remarkable about this case. The guidelines provide a fair, measured, and reasonable penalty for the defendant's conduct, taking into account both the gravity of the crimes themselves and the defendant's personal background. Accordingly, the court should decline to sentence the defendant to time served and instead sentence him to a term of imprisonment within the guidelines range.

## CONCLUSION

The court should sentence the defendant to a term of imprisonment within the guidelines sentencing range.

>                     Respectfully submitted,
>
>                     MICHAEL J. SULLIVAN
>                     United States Attorney
>
>              By:    /s/Robert E. Richardson
>                     ROBERT E. RICHARDSON
>                     Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

Suffolk, ss.                                    Boston, Massachusetts
                                                April 11, 2005

    I, ROBERT E. RICHARDSON, hereby certify that I have caused a true copy of the foregoing to be served by electronic filing on Frank Fernandez, Esq., counsel of record for defendant Joel Machado.

                                            /s/ Robert E. Richardson
                                            ROBERT E. RICHARDSON
                                            Assistant U.S. Attorney